The Honorable Brian D. Lynch

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re<br><br>MERIDIAN SUNRISE VILLAGE LLC,<br><br>Debtor. | Case No. 13-40342-BDL<br><br>OBJECTION TO DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION |

U.S. Bank National Association, in its individual capacity as a Lender ("*U.S. Bank*") and as the Administrative Agent ("*Agent*") for various financial institutions, including U.S. Bank as Lender, that from time to time are party to the that certain Loan Agreement (Vertical Construction) dated as of April 4, 2008 (collectively, the "*Lender Group*" and, together with U.S. Bank in its individual capacity, the "*Lenders*"), hereby objects to the Disclosure Statement for Debtor's Plan of Reorganization [Dkt. 61] (the "*Disclosure Statement*") filed by Meridian Sunrise Village LLC (the "*Debtor*") in support of its Plan of Reorganization [Dkt. 62] (the "*Plan*"), and respectfully states as follows:

1. The Lenders have numerous objections to the Plan and, absent resolution of those objections, believe that the Plan cannot meet the requirements of confirmation set

OBJECTION TO DISCLOSURE STATEMENT – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL26295970.2

forth in 11 U.S.C. § 1129. The Lenders will address those issues in connection with any future hearing on confirmation of the Plan and will restrict this response to objections specific to the Disclosure Statement.

2. Post-petition solicitation of a plan may not occur unless the solicitation is accompanied by, or preceded by, "a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." 11 U.S.C. § 1125(b). The term "adequate information" is defined as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records… that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

3. Among other things, a disclosure statement must provide adequate information regarding the plan's feasibility under 11 U.S.C. § 1129(a)(11) -- i.e., that confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor. *See, e.g., In re United States Brass Corp.*, 194 B.R. 420, 427 (Bankr. E.D. Tex. 1996) (among other disclosures typically required, a disclosure statement should contain financial information, data, valuations, or projections relevant to creditors' decision to accept or reject a plan) (citing *In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984)).

4. Although the Disclosure Statement contains a section entitled "Feasibility" and references financial projections contained in an Exhibit A, no such financial projections are attached to the Disclosure Statement. Without adequate financial projections, the

OBJECTION TO DISCLOSURE STATEMENT – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL26295970.2

Case 13-40342-BDL    Doc 67    Filed 04/17/13    Ent. 04/17/13 12:28:18    Pg. 2 of 5

Lenders and other creditors have no ability to evaluate the Debtor's chances of success under the Plan.

5. Furthermore, to the extent the Debtor provides financial projections at a later date, their utility is questionable. In the Disclosure Statement (pp. 16 - 17), the Debtor describes the projections as being based on "significant assumptions" and includes nearly a page of disclaimers regarding the accuracy of such projections. While financial projections inherently involve assumptions and a degree of uncertainty, the Debtor's creditors are entitled to receive and rely on sound financial information. The disclaimers in the Disclosure Statement are an attempt to circumvent the requirement contained in U.S.C. § 1125(a)(1) that creditors be able to rely on the Disclosure Statement in a manner one would expect of a hypothetical investor.

6. The Disclosure Statement also fails to disclose that a trust commonly referred to as the "Evergreen Capital Trust" -- which the Lender Group understands is the ultimate majority owner of the Debtor -- has guaranteed the Debtor's obligations to the Lender Group. This information is relevant because (a) it involves a relationship between the Debtor and an insider and, (b) if the obligations of the Lender Group are fully or partially satisfied by Evergreen Capital Trust, the potential distributions to creditors (including upon a liquidation) would change significantly.

7. Information about Evergreen Capital Trust is particularly important here because, even under Debtor's limited disclosures, it appears there is at most a very narrow equity cushion protecting the Lenders' interests. Debtor will no doubt argue at confirmation that the Lenders' interests are not at risk and therefore a low interest rate is appropriate, because the Lenders will retain their rights against Evergreen Capital Trust. But neither the

OBJECTION TO DISCLOSURE STATEMENT – 3

LEGAL26295970.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Lenders nor the Court can make reasoned judgments about that argument without financial and other information regarding Evergreen Capital Trust.

8. Finally, the Disclosure Statement should provide a description of potential avoidance actions and their projected realizable value. *See, e.g., United States Brass*, 194 B.R. at 427. Although the Disclosure Statement states that avoidance actions under Chapter 5 of the Bankruptcy Code will be retained by the reorganized Debtor, it does not describe the nature or potential value of such avoidance actions. According to the Debtor's schedules and statement of financial affairs, the Debtor distributed significant amounts of money to insiders prior to its bankruptcy filing. It therefore appears likely that the Debtor has fraudulent transfer or preference actions against its insiders, which actions could provide an additional source of recovery for all creditors, including the Lenders. The Disclosure Statement should describe these actions in detail, including any arguable defenses.

WHEREFORE, for the foregoing reasons, the Lenders respectfully request that the Court either deny the Debtor's request for approval of the Disclosure Statement or condition approval on supplementation to address the issues set forth herein in a reasonably satisfactory manner.

OBJECTION TO DISCLOSURE STATEMENT – 4

LEGAL26295970.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-40342-BDL    Doc 67    Filed 04/17/13    Ent. 04/17/13 12:28:18    Pg. 4 of 5

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: April 17, 2013 | **PERKINS COIE LLP** |
| 3 | | |
| 4 | | |
| 5 | | By: */s/ Alan D. Smith* |
| 6 | | Alan D. Smith, WSBA No. 24964 |
| 7 | | ADSmith@perkinscoie.com |
| 8 | | Brian A. Jennings, WSBA No. 32509 |
| 9 | | BJennings@perkinscoie.com |

1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for U.S. Bank National Association, as administrative agent and in its individual capacity

OBJECTION TO DISCLOSURE STATEMENT – 5

LEGAL26295970.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-40342-BDL    Doc 67    Filed 04/17/13    Ent. 04/17/13 12:28:18    Pg. 5 of 5