| | |
|---|---|
| HONORABLE BRIAN D. LYNCH | |
| **HEARING DATE:** | **APRIL 24, 2013** |
| **HEARING TIME:** | **9:00 A.M.** |
| **LOCATION:** | **COOURTROOM I, TACOMA** |
| **RESPONSE DUE:** | **APRIL 17, 2013** |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

MERIDIAN SUNRISE VILLAGE, LLC,

        Debtor.

No. 13-40342

DEBTOR'S REPLY TO OBJECTION TO DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION

    Meridian Sunrise Village, LLC, debtor in possession, by and through its undersigned attorneys, here by replies to the single objection to its proposed disclosure statement, which was filed on behalf of U.S. Bank (the "Bank"), on its own behalf and as the administrative agent for other lenders.

    The Bank first indicates that there exists numerous bases on which it and its co-lenders could or will be able to object to confirmation of the Debtor's proposed plan but have not asserted those at this time. The debtor will respond to such objections as may be made at the appropriate time.

    The Bank next indicates that the financial projections which are an exhibit to the Disclosure Statement were previously omitted. This is correct. Those projections have been provided to counsel

DEBTOR'S REPLY TO OBJECTION TO DISCLOSURE
STATEMENT FOR DEBTOR'S PLAN OF
REORGANIZATION – Page 1

1949 20121 yd193h1352

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 13-40342-BDL    Doc 71    Filed 04/19/13    Ent. 04/19/13 15:30:41    Pg. 1 of 3

for the Bank and will be filed with the Court in connection with the submission of the First Amended Disclosure Statement.

The Bank next complains that the Disclosure Statement, correctly, indicates that the projections are based on the best judgment of the debtor and that, while stated with specificity, will undoubtedly be subject to some uncertainty as any projection of the outcome of future events would necessarily be. The Debtor believes those provisions in the Disclosure Statement are accurate, necessary and appropriate and does not propose that they be changed.

In paragraphs six and seven of its objection, the Bank indicates that the status of the guarantor of its loans, Evergreen Capital Trust ("ECT"), is not disclosed. The Bank apparently also requests some level of some information as to ECT is also necessary to the Disclosure Statement.

This is the classic example of a disclosure statement objection by a secured lender that has full and comprehensive knowledge of a set of facts but objects on the basis that those facts are not provided. In this case, the Bank has intimate knowledge of not just of ECT's status as a guarantor but also of detailed financial information regarding that entity. That information is relevant solely to the Bank and its co-lenders, and it is information these entities currently have and have had since the inception of each of these loans. Whether or not the secured loans are guaranteed or not is of no concern to any other creditor other than U.S. Bank and its co-lenders, and those entities already have all that information in significant volume.

Lastly, the Bank believes there should be a detailed analysis of potential avoidance claims and their estimated value. The Debtor respectfully disagrees. Not only do the Debtor's schedules manifest that this is a solvent estate, the plan also provides for full payment to all creditors. Under the circumstances, the Debtor would not have a basis to pursue Chapter 5 avoidance claims against any party. On the other hand, if the Court subsequently determines that this estate is not solvent, the Plan

DEBTOR'S REPLY TO OBJECTION TO DISCLOSURE
STATEMENT FOR DEBTOR'S PLAN OF
REORGANIZATION – Page 2

1949 20121 yd193h1352

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 13-40342-BDL    Doc 71    Filed 04/19/13    Ent. 04/19/13 15:30:41    Pg. 2 of 3

1 provides that each of those claims would be reserved for determination at a later date – and creditors
2 are so advised.  For now, it is enough to say that it is likely not an appropriate investment of
3 professional time to do an analysis of claims that likely will never be pursued.
4     The Debtor will be filing both clean and red-lined versions of the amended plan and disclosure
5 statement in advance of the April 24 hearing for the court's review.
6     DATED this 19th day of April, 2013.

BUSH STROUT & KORNFELD LLP

By */s/ James L. Day*
James L. Day, WSBA #20474
Attorneys for debtor

DEBTOR'S REPLY TO OBJECTION TO DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION – Page 3

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1949 20121 yd193h1352
Case 13-40342-BDL    Doc 71    Filed 04/19/13    Ent. 04/19/13 15:30:41    Pg. 3 of 3